**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| HARRISON LEWIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. RDB-14-941 |
| | ) |
| BARACK H. OBAMA, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MOTION TO DISMISS**

Defendants Barack H. Obama, President of the United States, Johnny L. Hughes, U.S. Marshal, David M. Axelrod, Presidential Advisor, David Plouffe, Presidential Advisor, and J. Sandra Thomas, Officer of Special Counsel, Claims Examiner ("Defendants"), by and through undersigned counsel, respectfully move the Court, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the instant complaint filed by Plaintiff Harrison Lewis, III ("Plaintiff").

**BACKGROUND**

On March 26, 2014, Plaintiff Harrison Lewis, III ("Lewis" or "Plaintiff") filed this civil action. (ECF-1). In response to a court order, on June 2, 2014, Lewis filed a Motion for Stay of Proceedings to Compel Polygraph Exams, (ECF-3), and on June 9, 2014, Lewis filed an amended complaint. Am. Compl. (ECF-4). Plaintiff names as defendants Barack Hussein Obama, the President of the United States; Johnny L. Hughes, the United States Marshal for the District of Maryland; David M. Axelrod and David Plouffe, two of the President's advisers; and J. Sandra Thomas, an "Officer of Special Counsel Claims Examiner[.]" *Id*. at 1.

Lewis alleges that these defendants committed violations of "federal civil fraud …, breach of contract, conversion [and theft] of intellectual property …, privacy act, … or were grossly negligent by a allowing a data breach of security … of U.S. [Marshals Service] records … all for the purpose of exploitation and plagiary." *Id*. at 2.  Lewis asserts that "he was [covertly] contracted through (sic) United States Marshal Johnny L. Hughes … in the aftermath of the Sept[ember] 11, 2001 terrorist (sic) attacks … to gather, analyze and disseminate intelligence … from inside of federal prison while also serving a dual purpose as a federal prisoner as a Yankee white-tear 1 field operative … at a pay rate of $1,550.00 per day." *Id.* Lewis asserts that upon completion of his contract, the federal government was to provide him a fresh start by sealing or expunging all of his records and his secret intelligence operation, but no such relief ever came and no one in his chain of command up to the White House would respond to him in writing. *Id*. at 2-3.

Lewis claims that his intellectual and literary property—in the form of "political science blueprint(s) for the 2008-2012 presidential campaigns, 2009-2013 state of the union addresses … cabinet speech[es] … white house and congressional public relations skits, buzzwords, dual and monologue monodramas," was "sold to or shared with mainstream media for tv programs, series, sitcoms, movies … multi-media advertising … google, facebook, [and] Congress. *Id*. at 3. Lewis asserts that his intellectual property was the subject of "theft, embezzlement, peculation, expropriation, conversion, misappropriation, spoliation, and or pirating by hacking the U.S. [Marshal Service] data banks," "with the goal of controlling the [President of the United States] and Cabinet's public messages." *Id*. at 3-4.  Lewis demands immediate payment of his lost wages of $3,960,250.00, per the terms of his government contract and to be compensated for tens

2

to hundreds of millions of dollars in potential business deals, stock shares, capital gains, distributions, royalties, and residuals. *Id*. at 7.

## ARGUMENT

Dismissing as frivolous a similar complaint filed by Lewis, Chief Judge Denver of the United States District Court for the Eastern District of North Carolina explained:

> Plaintiff's filings contain nothing but delusional, nonsensical, and baseless allegations. Courts have routinely, repeatedly, and appropriately dismissed allegations similar to Lewis's. *See, e.g., Earl v. Sheriff's Ass'n*, Civil Action No. H–10–0696, 2010 WL 4955328, at *1 (S.D. Tex. Nov. 29, 2010) (unpublished); *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv792, 2009 WL 1565639, at *5 (E.D. Va. May 28, 2009) (unpublished), *aff'd* in part, 366 Fed. App'x 457 (4th Cir. 2010) (*per curiam*) (unpublished); *Bloom v. U.S. Government*, No. 02Civ.2352DABDF, 2003 WL 22327163, at *8 (S.D.N.Y. Oct. 10, 2003) (unpublished). Not surprisingly, another district court in this circuit has dismissed another Lewis complaint as having "no basis in law and fact[.]" *Lewis v. Hughes*, No. 1:10–cv–02450–BEL, [D.E. 2] (D. Md. Sept. 17, 2010) (unpublished).[1]
>
> Furthermore, if any of the allegations are not construed as delusional, they are merely legal terminology and not actionable because the claims have no factual support. Lewis uses a laundry list of legal jargon such as anacrisis, assumpsit, trover, stare decisis, in pais, jus in proprietatis, scire facias, nihil dicit, and sub silentio, without any apparent understanding of what these terms mean. To the extent Lewis seeks to assert a claim for conspiracy, to establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiffs] deprivation of a constitutional right...." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir.1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. *See id*. at 421-23. Rather a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial

---

[1] The *Lewis v. Hughes* complaint and Judge Legg's order dismissing the complaint are attached hereto as Attachment 1.

> objective." *Id*. at 421. Lewis fails to present sufficient allegations that would demonstrate a "meeting of the minds" between any defendants. *Cf. Iqbal*, 129 S.Ct. at 1949–52; *Twombly*, 550 U.S. at 555–56. Thus, Lewis fails to state a claim for conspiracy. Accordingly, Lewis's complaint is dismissed as frivolous.

*Lewis v. Obama, et al.*, No. 5:11-CT-3139-D, 2012 WL 628800, at *3 (E.D.N.C. Feb. 27, 2012), *aff'd*, 474 F. App'x 284 (4th Cir. 2012).

As was the case two years ago, the instant complaint contains nothing but "delusional, nonsensical, and baseless allegations." And were his allegations not construed as delusional, his complaint is at best an incoherent, rambling laundry list of legal jargon and conclusions lacking any rational factual support.

**WHEREFORE**, Defendants, by and through undersigned counsel, respectfully request that the Court dismiss the instant Complaint as frivolous.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Jakarra J. Jones
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
ph (410) 209-4800
fax (410) 962-2310
Jakarra.Jones@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on October 10, 2014, a copy of the foregoing Motion to Dismiss was caused to be served by filing that document with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants as identified on the Notice of Electronic Filing, and paper copies were caused to be served by first class mail, postage prepaid, to those identified as nonregistered participants.

_____/s/_____
Jakarra J. Jones
Assistant United States Attorney