IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 28  PM 12: 07

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| HARRISON LEWIS, III, | * |
| Plaintiff | * |
| v | *   Civil Action No. RDB-14-941 |
| BARACK H. OBAMA, et al., | * |
| Defendants | * |

\*\*\*

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 26, 2014, along with the full filing fee. Thereafter, Plaintiff filed a court directed Amended Complaint. ECF No. 4. Before the Court reviewed the Amended Complaint, Defendants moved to dismiss the case as frivolous.[1] ECF No. 6. Plaintiff has responded. ECF No. 9. The Motion shall be granted.

The Complaint names Barack Hussein Obama, the President of the United States; Johnny L. Hughes, the United States Marshal for the District of Maryland, Davie M. Alexrod and David Plouffe, two of the President's advisers; and J. Sandra Thomas, an "officer of Special Counsel Claims Examiner" as Defendants. ECF No. 4.

Plaintiff alleges that the named Defendants committed "federal civil fraud ..., breach of contract, conversion [and theft] of intellectual property..., privacy act, ... or were grossly negligent by a allowing a data breach of security ... of U.S. [Marshals Service] records ... all for the purpose of exploitation and plagiary." *Id.* p 2. Plaintiff claims that "he was [covertly]

---

[1] Plaintiff filed a Motion for Stay of Proceedings to Compel Polygraph Exams (ECF No. 3), Motion for Extension of Time to Respond to Defendant's dispositive motion (ECF No. 8), Response in Opposition to the Motion to Dismiss (ECF No. 9), Motion to Select Jurors (ECF No. 11), Motion to Subpoena (ECF No. 12), Motion for Declaratory Judgment (ECF No. 13), and Motion for an Order to Take Written and Oral Depositions. ECF No. 14. As the case cannot proceed, Plaintiff's motions will be denied.

Defendants' Motion for Extension of Time to Answer the Amended Complaint (ECF 5) shall be granted nunc pro tunc.

contracted through (sic) United States Marshal Johnny L. Hughes ... in the aftermath of the Sept[ember] 11, 2001 terrorist (sic) attacks ... to gather, analyze and disseminate intelligence ... from inside of federal prison while also serving a dual purpose as a federal prisoner as a Yankee white-tear 1 field operative ... at a pay rate of $1,550.00 per day." *Id.* He states that upon completion of his contract, the federal government was to provide him a fresh start by sealing or expunging all of his records and his secret intelligence operation, but no such relief ever came and no one in the chain of command up to the White House would respond to him in writing. *Id.*, pp. 2-3.

Plaintiff further alleges that his intellectual and literary property in the form of "political science blueprint(s) for the 2008-2012 presidential campaigns, 2009-2013 state of the union addresses ... cabinet speech[es] ... white house and congressional public relations skits, buzzwords, dual and monologue monodramas," was "sold to or shared with mainstream media for tv programs, series, sitcoms, movies ... multi-media advertising ... google, facebook, [and] Congress. *Id.*, p. 3. Plaintiff claims that his intellectual property was the subject of "theft, embezzlement, peculation, expropriation, conversion, misappropriation, spoliation, and or pirating by hacking the U.S. [Marshal Service] data banks," "with the goal of controlling the [President of the United States] and Cabinet's public messages." *Id.* pp. 3-4. Plaintiff demands immediate payment of his lost wages of $3,960,250.00, per the terms of his government contract and to be compensated for tens of hundreds of millions dollars in lost business deals, stock shares, capital gains, royalties, residuals and distributions. *Id.* , p. 7.

A Complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994);

*see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Clearly the allegations asserted by Plaintiff are the product of fantasy or delusional thinking that cannot be addressed by this Court. Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

Even if the Complaint was not deemed delusional, at best the allegations raised constitute a laundry list of legal jargon and conclusions wholly lacking in factual support. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as " 'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction , unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought...." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the Complaint as Amended and finds that it is

insufficient and does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is replete with legal statements and conclusions. If even after affording the matter a generous construction the Court cannot determine the precise nature and jurisdictional basis of the Complaint, one can only imagine the difficulties which would ensue in having Defendants attempt to answer the Complaint. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, (2002) (internal quotation marks omitted).

Plaintiff's Complaint shall be dismissed. A separate Order follows.

January 28, 2015
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE